UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARBMETRICS, LLC, an Ohio limited liability company,<br><br>                                Plaintiff,<br><br>v.<br><br>DEXCOM, INC., a Delaware corporation,<br><br>                                Defendant. | Case No.: 18-CV-134-JLS (KSC)<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION**<br><br>(ECF No. 49) |

Presently before the Court is Plaintiff's Motion for Reconsideration ("Mot.," ECF No. 49), requesting the Court reconsider its conditional dismissal with prejudice of Plaintiff's willful infringement claim. Also before the Court is Defendant's Response in Opposition to ("Opp'n," ECF No. 53) and Plaintiff's Reply in Support of ("Reply," ECF No. 54) the Motion.

Generally, reconsideration of a prior order is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d

877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

Plaintiff moves for reconsideration based on its contention that the Court's dismissal with prejudice of Plaintiff's willful infringement claim is manifestly unjust. Mot. at 5. Plaintiff contends that by dismissing its claim with prejudice, the Court closed the door forever on Plaintiff moving for leave to amend its claim, even if Plaintiff eventually uncovers additional facts to support its willful infringement claim. *Id.* at 6. Plaintiff contends that requiring "detailed factual allegations of Defendant's egregious conduct in order to state a claim for willful infringement . . . prior to having a reasonable opportunity to discover such information, or otherwise face dismissal of the claim with prejudice, is manifestly unjust." *Id.*

Defendant contends that reconsideration is not warranted for three reasons. First, Defendant contends that Plaintiff's attempt to "resuscitate its defective willful infringement claim through discovery is contrary to law." Opp'n at 3. Second, Defendant points to "many courts [that have] conditionally dismissed" claims similar to this. *Id.* at 5. Third, Defendant contends Plaintiff's motion must fail because Plaintiff failed to request leave to amend in its Response in Opposition to Defendant's Motion to Dismiss. *Id.* at 5–6.

After reviewing the Parties' arguments and the law, the Court agrees with Plaintiff that the dismissal of its willful infringement claim should be without prejudice. Based on Plaintiff's allegations, it is possible that Plaintiff could uncover evidence to support its willful infringement claim during discovery. If Plaintiff does obtain additional evidence supporting its allegations, the Court agrees that Plaintiff should be allowed to move for leave to amend. The Court therefore **GRANTS** Plaintiff's Motion for Reconsideration (ECF No. 49) and **MODIFIES** its February 19, 2019 Order (ECF No. 47) to reflect that the dismissal of Plaintiff's willful infringement claim is without prejudice.

The Court must make several things clear about the scope of this Order. First, Plaintiff's willful infringement claim remains dismissed. This Order does not revive that

2

18-CV-134-JLS (KSC)

claim, and the reasoning for dismissing that claim remains in force. Next, because the willful infringement claim remains dismissed, Plaintiff cannot pursue discovery pertaining solely to that claim. Finally, the Court does not grant Plaintiff leave to amend its Complaint and Plaintiff should not construe this Order as an invitation to file a motion to amend unless it uncovers facts that would support its claim and cure the deficiencies outlined in the Court's February 19, 2019 Order.

**IT IS SO ORDERED.**

Dated: October 7, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge